IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DISTINGUISHED DEVELOPMENT, LLC,

       Plaintiff,

v.                                                 CV 19-0848 KWR/JHR

EVANSTON INSURANCE COMPANY,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Evanston Insurance Company's ("Evanston's") Motion to Compel Deposition[s] of Expert and 30(b)(6) Witness. [Doc. 25]. Evanston moves the Court to compel Plaintiff Distinguished Development, LLC, ("Distinguished") to provide its expert witness, TW Mock, for deposition, as well as a client representative as contemplated by Federal Rule of Civil Procedure 30(b)(6). [*Id.*, p. 1]. Evanston explains that it needs these depositions to explore the veracity of Distinguished's claims for negligence, breach of insurance contract, violation of the New Mexico Unfair Claims Practices Act, and bad faith. [*See* Doc. 25, pp. 1-2 (Explaining Distinguished's refusal to provide its expert for deposition and that "Evanston has requested to take the deposition of a client representative most knowledgeable of building maintenance for the years 2013-2018."); Doc. 1-1 (Complaint)]. Evanston states that it is willing to take both depositions remotely. [Doc. 25, p. 2]. Evanston asks the Court to enter an order compelling Distinguished to provide both witnesses for deposition, and to award all expenses and attorney's fees associated with the filing of the Motion. [*Id.*].

Evanston filed its Motion on October 8, 2020, making Distinguished's response due no later than October 22, 2020, under this Court's Local Rules. *See* D.N.M.LR-Civ. 7.4(a). However,

Distinguished did not respond, and Evanston filed a Notice of Completion of Briefing on October 26, 2020. [Doc. 26].

Distinguished's failure to respond to Evanston's Motion has consequences. Pursuant to Local Rule 7.1(b), "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). According to the Tenth Circuit, "local rules of practice, as adopted by the district court, have the force and effect of law, and are binding upon the parties and the court which promulgated them...." *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980) (citation and quotation omitted). Courts in this district have relied upon this rule in granting motions to compel that are unopposed. *See, e.g.*, *Applied Capital, Inc. v. Gibson*, 2006 WL 4017480, at *2 (D.N.M. Nov. 3, 2006); *Cruz v. Perez*, 2014 WL 12617408, at *1 (D.N.M. Oct. 28, 2014); *Horn v. Bull Rogers, Inc.*, 2014 WL 12798367, at *1 (D.N.M. Jan. 7, 2014). Accordingly, the Court will grant Evanston's Motion, and **orders** Distinguished to make its expert witness and Rule 30(b)(6) representative available for deposition **within 60 days of entry of this Order**.

Turning to Evanston's request for costs and fees, under Federal Rule of Civil Procedure 37(a)(5)(A), "[i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurrent in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Thus, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays," *In re Lamey*, 2015 WL 6666244 at *4 (D.N.M. 2015) (quoting Wright, Miller & Marcus, Federal Practice and Procedure (3d ed. 2010), § 2288, n.17), unless the

losing position was substantially justified or an award of expenses would otherwise be unjust. *Id.* at *5.

Sanctions imposed pursuant to civil procedures must be compensatory rather than punitive, *see Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186, 197 L. Ed. 2d 585 (2017), unless contemptuous conduct is shown. *See Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012); *see also Law v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1438 (10th Cir.1998). "In other words, the fee award may go no further than to redress the wronged party for losses sustained; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186, 197 L. Ed. 2d 585 (2017) (quoted authority omitted). "A fee award is so calibrated if it covers the legal bills that the litigation abuse occasioned." *Id.* "That kind of causal connection … is appropriately framed as a but-for test: [t]he complaining party … may recover only the portion of his fees that he would not have paid but for the misconduct. *Id.* at 1187.

> This but-for causation standard generally demands that a district court assess and allocate specific litigation expenses—yet still allows it to exercise discretion and judgment.... [T]rial courts undertaking that task "need not, and indeed should not, become green-eyeshade accountants" (or whatever the contemporary equivalent is).… The essential goal in shifting fees is to do rough justice, not to achieve auditing perfection.[] Accordingly, a district court may take into account its overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Id.*

Though the Court may use its reasoned discretion, it is up to the application for fees to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (citation omitted); *see Diaz v. Metzgar*, 2014 WL 12782782 at *7 (D.N.M. 2014) ("The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.") (quoting *Mares v.*

*Credit Bureau of Raton*, 801 F. 2d 1197, 1201 (10th Cir. 1986)). The Court will then reach a "lodestar figure," which is the product of reasonable hours expended times a reasonable hourly rate. *See Mares*, 801 F. 2d at 1201. "The setting of a reasonable hourly rate is within the district court's discretion.... [and] [h]ourly rates must reflect the prevailing market rates in the relevant community." *Jane L.*, 61 F.3d at 1510 (citation omitted).

An applicant lawyer must keep "meticulous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* (citation omitted); *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1252 (10th Cir. 1998) ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."). This concept is particularly apt "where a party is seeking to have his opponent pay for his own lawyer's work." *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998). The lawyer's billing statement should "include the specific amounts of time allocated to each individual task." *Id.*[1]

---

[1] In fact, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Jane L.*, 61 F.3d at 1510 (citation omitted); *see Case*, 157 F.3d at 1252 (declining to award fees where the party failed to establish that an attorney's work was reasonably necessary to their case and because her billing statements were "not clear."). "A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Mares*, 801 F. 2d at 1203 (citations omitted); *Case*, 157 F.3d at 1252. As examples, the *Mares* court pointed to cases in which the Supreme Court reduced hours to account for a lawyer's lack of experience, for a failure to keep contemporaneous time records, and for unreasonable, unproductive or excessive time. *Mares*, 801 F. 2d at 1203 (citations omitted). Once the Court has adequate time records before it, it must ensure that the winning attorneys have exercised "billing judgment," which "consists of winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250. As the Supreme Court has stated, "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary*[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (quoted authority omitted) (emphasis in original); *see also Mares*, 801 F. 2d at 1204 (fee awards "were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client.") (quoted authority omitted). Thus, it is not proper to bill for every hour logged where adjustments should be made for lack of experience or conducting general research. *See Mares*, 801 F. 2d at 1204 (citations omitted). A "district court may also reduce the reasonable hours awarded if 'the number of compensable hours claimed by counsel includes hours that were unnecessary, irrelevant and duplicative.'" *Case*, 157 F.3d at 1250 (quoting *Carter v. Sedgwick County, Kan.*, 36 F.3d 952, 956 (10th Cir. 1994)).

In keeping with these principles, Evanston is hereby **invited** to file a motion seeking its costs and fees associated with litigating the instant Motion. **Such a motion must be filed within thirty (30) days of the entry of this Order** and must be supported by contemporaneous and meticulous time records and an affidavit establishing the reasonableness of both the hours expended and the hourly rate requested as described above. Failure to meet these standards will result in denial or reduction of the compensation sought. Distinguished may file a response and Evanston may file a reply in accordance with this Court's Local Rules. *See* D.N.M.LR-Civ. 7.4(a). Evanston shall notify the Court via email once it is prepared to proceed with further discovery so that the Court may hold a supplemental Scheduling Conference and enter a new Scheduling Order. The email should copy all counsel of record. The Court's judicial law clerk, Mike Timm, may be reached at the following email address for these purposes: Michael_Timm@nmd.uscourts.gov.

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE